NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **MJ. 03-1134-(02) (JJH)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **OPINION** |
| | : | |
| **FRANKLIN BAUZAY,** | : | |
| | : | |
| **Defendant.** | : | |
| ———————————————— | : | |

**HUGHES, U.S.M.J.**

This matter is before the Court upon the Motion of Defendant Franklin Bauzay ("Defendant") to Dismiss the Complaint with prejudice.  Plaintiff the United States of America ("Plaintiff") opposes the Motion.  On April 24, 2003, a Complaint was filed against, *inter alia*, Franklin Bauzay, charging him with a violation of 18 U.S.C. § 371.  On March 3, 2005, this Court executed a Dismissal Order dismissing the Complaint without prejudice.  Defendant now moves to have the Complaint dismissed with prejudice.  The Court reviewed the written submissions of the parties and considered the matter pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, Defendant's Motion to Dismiss the Complaint with prejudice is denied.

## I.    BACKGROUND AND PROCEDURAL HISTORY

*A.    Factual Background*

In September 1997, approximately $260,000 in United States Savings Bonds ("Bonds")

1

in the name of E.G. and a United States passport in the name of E.G. were stolen from a residence in Passaic, New Jersey.  (See Docket Entry # 1).  As a result, on October 6, 1997, E.G. filed a claim with the United States Bureau of Public Debt for replacement Bonds and stated that the above Bonds in his/her name were stolen from his/her residence and that E.G. did not give anyone permission to redeem the Bonds.  Id.

According to a witness, in April 1999, Defendant Suliman Shabazz had a meeting in Union County, New Jersey during which he gave approximately 113 Bonds having a face value of approximately $260,000 and E.G.'s passport to Defendant Franklin Bauzay.  Id.  Defendant Shabazz stated that he wanted $60,000 if the Bonds were cashed.  Id.  According to the same witness, Defendant Bauzay transferred 13 Bonds and the stolen passport to a second witness.  Id. The second witness then redeemed the 13 Bonds and received $87,961.60 in a cashier's check in E.G.'s name.  Id.  According to the second witness, Defendant Bauzay received the cashier's check through an intermediary and stated that he would talk to the second witness in a few days. Id.  Shortly thereafter, the second witness received a check for $20,975 and deposited the check into his bank account.  Id.  The second witness then gave Defendant Bauzay $20,000 in cash from the deposited check.  Id.

On May 10, 1999, an individual in Florida deposited approximately $87,961.60 into a trust account in a Florida bank.  Id.  Numerous checks were drawn from this account to Defendant Bauzay and others.  Id.  Specifically, on May 14, 1999, check numbers 1407 and 1408 in the amounts of $8,905 and $25,000, respectively, were drawn and made payable to Defendant Bauzay.  Id.

On June 4, 1999, an additional $181,802.80 was deposited into the Florida trust account.

2

Id.  Numerous checks were written off of this account to Defendant Bauzay and others.  Id.
Specifically, on June 7, 1999, check numbers 1465 and 1466 in the amounts of $9,180 and
$8500, respectively, were made payable to Defendant Bauzay.  Id.

**B.    *Procedural History***

On April 24, 2003, a Complaint was filed against, *inter alia*, Defendant Bauzay, charging
him with embezzlement of United States Savings Bonds, a violation of 18 U.S.C. § 371, and a
warrant was issued for his arrest.  (See Docket Entry # 1).  Defendant Bauzay was arrested in
Florida on June 9, 2003, and at his initial appearance, waived his right to a removal hearing
pursuant to Federal Rule of Criminal Procedure 40.  (See Docket Entry # 3).  A Personal
Appearance Bond was set at $100,000 with special conditions including (1) surrender all
passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel
documents during the pendency of the case, (2) report to Pretrial Services as directed, (3)
maintain or actively seek full-time employment, and (4) restrict traveling to the Southern District
of Florida and the District of New Jersey.  Id.  Further, Defendant waived his right to a
preliminary hearing.  (See Docket Entry # 5).  Subsequently, orders were issued on June 27,
2003, August 20, 2003, and November 12, 2003, granting continuances of the proceedings in this
matter while plea negotiations took place.  (See Docket Entry # 7, # 12  and # 15).

On March 3, 2005, the Court, on motion of Norville P. McAndrew, Assistant United
States Attorney, issued an Order dismissing the Complaint against Defendant Bauzay "because
further prosecution is not in the best interests of the United States at this time."  (See Docket
Entry # 20).  The dismissal was without prejudice.  Id.

On October 20, 2006, Linda George, Esquire, Counsel for Defendant Bauzay, filed a

Motion to Dismiss the Complaint **with prejudice**.  (See Docket Entry # 21).  Defendant argues that the Complaint should now be dismissed with prejudice because (1) the statute of limitations has expired, (2) the original charge did not concern children, assault, drugs or weapons, and (3) over seven years has passed since the alleged offense and over three years since the filing of the Complaint.  (Def.'s Mot. at 2-3).

Plaintiff argues in opposition that a Defendant cannot "appeal" a favorable decision. (Pl.'s Ltr. Br. at 1).  Plaintiff further argues that a statute of limitations or speedy trial violation does not justify modification of the Dismissal Order.  Id. at 2.  Plaintiff also argues that Defendant did not contest the Dismissal Order in 2005 because it benefitted him when it was entered.  Id.

## II.    DISCUSSION

In his motion to dismiss the Complaint with prejudice, Defendant Bauzay argues that pursuant to 18 U.S.C. § 3282(a), the five year statute of limitations has expired because the offense was allegedly committed in 1999.  (Def.'s Mot. at 2).  Defendant further argues that although inapplicable in this matter, the Court can look to the Speedy Trial Act as guidance for determining whether dismissal with prejudice is justified.  Id.  Defendant contends that the alleged offense did not concern children, assault, drugs or weapons and therefore, cannot be characterized as a "serious" offense.  Id.  Defendant also contends that dismissal with prejudice is appropriate because "over seven years have passed since the alleged commission of the offense, three since the filing of the Complaint, over two years since the filing of the Information and eighteen months since the dismissal of the matter without prejudice."  Id. at 3.

Plaintiff argues in opposition that a Defendant cannot "appeal" a favorable decision.

4

(Pl.'s Ltr. Br. at 1).  Plaintiff further argues that a statute of limitations or speedy trial violation

may be a defense to future prosecution, but are not valid reasons to modify an existing Order.  Id.

at 2.  Plaintiff notes that neither Defendant nor his Counsel contested the dismissal Order in 2005

when it was issued, in part, because the Order released Defendant from bail conditions.  Id.

> Federal Rule of Criminal Procedure 48(a) governs dismissal and provides:

> > (a) By the Government.  The government may, with leave
> > of court, dismiss an indictment, information, or complaint.
> > The government may not dismiss the prosecution during
> > trial without the defendant's consent.

FED. R. CRIM. P. 48(a).  On March 3, 2005 pursuant to Rule 48(a), this Court dismissed the

Complaint against Defendant on motion of Norville P. McAndrew, Assistant United States

Attorney.  (See Docket Entry # 20).  There is no requirement that the Court now dismiss the

Complaint with prejudice.  In fact, the Third Circuit and Fourth Circuit Courts of Appeal have

held that a decision to dismiss a complaint, which is a decision favorable to the party, is not

appropriate to challenge.  See Ryan v. Commissioner, 680 F.2d 324 (3d Cir. 1982) (holding, in

part, that a taxpayer could not challenge dismissal of a notice of tax deficiency because it was a

favorable decision); United States v. Lanham, 631 F.2d 356 (4th Cir. 1980) (holding that

petitioner could not appeal a dismissal without prejudice contending that it should have been

with prejudice).

The Court's decision to dismiss the Complaint in March 2005 was favorable to Defendant

who was released from bail conditions as a result of the Order.  Defendant did not contest the

dismissal at the time that it was entered.  The Court finds that there is no requirement that the

Court now dismiss the Complaint with prejudice.  A statute of limitations defense may be

relevant to a motion to dismiss any renewed prosecution for this offense, but does not justify modification of this existing Order.

**III.**     **CONCLUSION**

      For the reasons expressed here, the Court finds that Defendant's Motion to Dismiss the Complaint **with prejudice** is denied.  On motion of the government, the Court dismissed the Complaint against Defendant without prejudice on March 3, 2005.  The dismissal was favorable to Defendant who was released from bail conditions and otherwise discharged.  Therefore, there is no requirement that the Court now dismiss the Complaint **with prejudice**.

An appropriate Order accompanies this Memorandum Opinion

**Dated: January 29, 2007.**